UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

**JAMES S. FALLER, II**                                                                                   **PLAINTIFF**

**v.**                                                                           **CIVIL ACTION NO. 1:08-CV-86-R**

**ATTORNEY GENERAL OF KENTUCKY**                                         **DEFENDANTS**
**KENTUCKY BUREAU OF INVESTIGATION**

**MEMORANDUM OPINION AND ORDER**

Plaintiff, James S. Faller II, proceeding *pro se*, sues the Attorney General's Office of Kentucky and the Kentucky Bureau of Investigation (KBI) under 42 U.S.C. §§ 1983, 1985, 1986 (DN 1). His complaint references crimes under the United States Code and asserts that, therefore, this Court has jurisdiction under 18 U.S.C. § 1964(a) and (c). Defendants have filed a motion to dismiss the complaint (DN 7). For the reasons set forth below, the Court will grant the motion to dismiss.

**I. ALLEGATIONS IN THE COMPLAINT**

Plaintiff alleges that there is some sort of conspiracy, and that in October 2007, a Russell County Grand Jury voted to investigate public corruption after "some 25 persons/victims" appeared before the Grand Jury demanding that action be taken. Plaintiff alleges that the targets of the Grand Jury were organized crime, burglary, extortion, tampering with witnesses, retaliation against a participant in a judicial proceeding, perjury, tampering with evidence, theft by extortion, and jury tampering. It appears from Plaintiff's complaint that that Grand Jury did not vote to press charges. He further alleges that after the dismissal of that Grand Jury the foreperson came forward and attested "that they were all threatened." He alleges that the state has continued to refuse to provide a prosecutor.

He alleges that his and the public's Fourth Amendment rights to be secure have been

violated by refusing to allow the Russell County Grand Jury to protect Plaintiff and by illegally searching electronic data in Plaintiff's computer system. He alleges that his and the public's First Amendment right to petition the court and the Grand Jury has been violated by the refusal to appoint a special prosecutor. He alleges that his and the public's Sixth Amendment rights have been violated by harassing and injuring potential witnesses on behalf of Plaintiff. He alleges that the Attorney General's Office has engaged in a pattern of depriving Plaintiff and the public of equal protection of the law and by aiding and encouraging theft and deprivation of property without due process of law.

As relief, Plaintiff requests an emergency injunction against Defendants to cause the Commonwealth to provide equal protection of the law and a prosecutor to present the case to the Grand Jury;[1] a judgment declaring that each Defendant acted unlawfully; an injunction against further criminal conduct against Plaintiff and his family; $10,000,000 for emotional distress; costs; pre- and post-judgment interest; and a referral of the allegations to a special United States grand jury pursuant to 18 U.S.C. § 3331, 3332.

Plaintiff attaches to his complaint affidavits from nine people; two criminal complaints filled out by several people including Plaintiff against Joe Irvin and Scott Hammond; a letter to the Attorney General from Melinda Loy alleging harassment; and a letter from a Dr. Wood referencing law enforcement taking legitimate medication from a patient. In one of the affidavits, John W. McGuire avers that he has worked on Plaintiff's computer, that he discovered a Trojan virus that he deduced was created to specifically target Plaintiff's computer, and that he

---

[1] Plaintiff also filed an "Emergency Motion for Federal Intervention (Referral to Federal Grand Jury and Supervision of State Proceedings) and Temporary Restraining Order" (DN 6), which has been denied (DN 14).

witnessed an outside intruder enter the computer drive and begin deleting the contents of the hard drive.

## II. MOTION TO DISMISS

Defendants have filed a motion to dismiss the complaint (DN 7).  Defendants argue that Plaintiff has a history of making wild allegations of conspiracy such as the ones in the current complaint in an effort to avoid criminal charges against him.  They argue that the complaint should be dismissed for lack of jurisdiction and for failure to state an actionable claim pursuant to Fed. R. Civ. P. 12(b)(1) or (6).  Defendants further argue that this Court should abstain from hearing Plaintiff's claims based on the doctrine of abstention enunciated in *Younger v. Harris*, 401 U.S. 37 (1971), because there are charges pending against Plaintiff in state court.  Defendants also argue that Plaintiff's claims are barred by the Eleventh Amendment.

Plaintiff has filed a response (DN 12), much of which is directed at refuting Defendants' representations about Plaintiff's numerous prior and current court cases.  He does not dispute that criminal charges are pending against him in state court and also refers to a pending civil action in state court, which he describes as a successful effort to prevent the KBI and Joe Irvin from harassing or harming grand jury witnesses.  He argues that to survive a motion to dismiss under Rule 12(b)(6) a complaint must contain direct or inferential allegations respecting all material elements to sustain recovery under a viable legal theory and he argues that he has alleged or possesses information proving his allegations about the grand jury.  He argues against abstention under *Younger* because he claims the state proceeding against him has been motivated by a desire to harass or is being conducted in bad faith.  Defendants have filed a reply (DN 13).

Defendants bring their motion under Fed. R. Civ. P. 12(b)(1) for lack of subject-matter

jurisdiction. A district court has authority to dismiss a complaint under Fed. R. Civ. P. 12(b)(1) "when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (per curiam). "[M]ost complaints will not be so clearly insufficient as to warrant dismissal under Rule 12(b)(1), but instead should be handled under Rule 12(b)(6) of the Federal Rules of Civil Procedure if the complaint fails to state a claim upon which relief can be granted." *Id.* at 480. "When a district court is faced with a complaint that appears to be frivolous or unsubstantial in nature, dismissal under Rule 12(b)(1) (as opposed to Rule 12(b)(6)) is appropriate in only the rarest of circumstances where . . . the complaint is deemed totally implausible." *Id.*

Defendants also bring their motion under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. In deciding a motion brought under Rule 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff, accepting all of the plaintiff's allegations as true. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998). Further, "the allegations of a complaint drafted by a *pro se* litigant are held to less stringent standards than formal pleadings drafted by lawyers in the sense that a *pro se* complaint will be liberally construed in determining whether it fails to state a claim upon which relief could be granted." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

Under Fed. R. Civ. P. 12(d), "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." The Sixth Circuit has interpreted the

language of former Rule 12(b)(6), which is mirrored in current Rule 12(d), to require "unequivocal notice" of the conversion of the motion to dismiss to one for summary judgment. *See Helwig v. Vencor, Inc.*, 251 F.3d 540, 552-53 (6th Cir. 2001); *see also Ball v. Union Carbide Corp.*, 385 F.3d 713, 719 (6th Cir. 2004). Because that notice has not occurred in this matter, the extraneous material attached to Defendants' motion to dismiss cannot now be considered.

Although a court ruling on a Rule 12(b)(6) motion may not consider matters outside the pleadings, *see Hammond v. Baldwin*, 866 F.2d 172, 175 (6th Cir. 1989), when a plaintiff attaches an exhibit to his complaint, the attachment becomes a part of that pleading and may be considered. *See* Fed. R. Civ. P. 10(c). Therefore, the Court may consider the attachments to Plaintiff's complaint.

## III. ANALYSIS

### *Claims brought by Plaintiff on behalf of others*

Plaintiff may only assert those claims, which are personal to him. *Warth v. Seldin*, 422 U.S. 490, 499 (1975); *see also Coal Operators & Assoc., Inc. v. Babbitt*, 291 F.3d 912, 915-16 (6th Cir. 2002). Thus, all of the claims that Plaintiff seeks to assert on behalf of the public at large will be dismissed because Plaintiff lacks standing to bring them.

### *No right to bring criminal prosecution*

Plaintiff does not have an enforceable constitutional right as a member of the public at large or as a victim (or alleged victim) to force Defendants to begin a criminal prosecution. *Sattler v. Johnson*, 857 F.2d 224, 227 (4th Cir. 1988). All of Plaintiff's claims regarding alleged crimes or asking for a criminal investigation or prosecution will, therefore, be dismissed.

### *Defendants are immune under the Eleventh Amendment*

Plaintiff names as Defendants the Attorney General's Office and KBI.[2] The Court lacks subject matter jurisdiction over Plaintiff's claims against these state agencies, by operation of the Eleventh Amendment to the U.S. Constitution. That amendment specifically prohibits federal courts from entertaining suits brought directly against the states or its agencies. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 687-88 (1993) ("Absent waiver, neither a State nor agencies acting under its control may be subject to suit in federal court." (internal quotation marks and citation omitted)); *Daleure v. Kentucky*, 119 F. Supp. 2d 683, 687 (W.D. Ky. 2000) ("The Eleventh Amendment protects the Kentucky state government and the Kentucky Department of Corrections from suit.").

The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. Although the Eleventh Amendment does not address the situation where a state's own citizen initiates suit against it, case law has interpreted the amendment in such a way as to foreclose that possibility. *Barton v. Summers*, 293 F.3d 944, 948 (6th Cir. 2002) (citing *Hans v. Louisiana*, 134 U.S. 1 (1890)). The Sixth Circuit has opined that "[a] state is sovereign within the structure of the federal system, and 'it is inherent in the nature of sovereignty not to be amenable to the suit of an individual without its consent.'" *Id.* (quoting

---

[2] The Attorney General's Office clearly is a state agency. *See* KRS § 15.020 ("The Attorney General is the chief law officer of the Commonwealth of Kentucky . . . .") Plaintiff's complaint identifies KBI as "a division of the Attorney General." DN 1, ¶ 9. In his response to Defendants' motion to dismiss Plaintiff argues that it is "hotly contested" (apparently by him in his state court case) whether KBI is an entity separate from the Attorney General's Office, but does not argue that KBI is not a state agency.

*Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996)).

There are essentially three exceptions to the rule cited above: (1) when the state consents to suit; (2) when Congress has abrogated a state's sovereign immunity; and (3) when under the fiction created by *Ex Parte Young,* 209 U.S. 123 (1908), a litigant seeks injunctive or prospective relief from a state officer in order to prevent future constitutional violations. *See Barton,* 293 F.3d at 948. None of these exceptions exist in this case.

Kentucky has not waived its immunity to suit in federal court. *See Rose v. Stephens*, 291 F.3d 917, 925 (6th Cir. 2002). Congress did not abrogate states' sovereign immunity when it enacted 42 U.S.C. §§ 1983, 1985, or 1986. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989); *Lewis v. Board of Educ. of Talbot County*, 262 F. Supp. 2d 608, 612 (D. Md. 2003); *Coffin v. South Carolina Dept. of Social Services*, 562 F. Supp. 579, 585 (D.C.S.C. 1983) (§ 1985 and § 1986 case). Finally, although Plaintiff does seek injunctive relief, he does not seek it from a state *officer* as required for the *Ex Parte Young* exception to apply. *See*, *e.g.*, *Will*, 491 U.S. at 71 n.10 (Supreme Court noted that *officials* still may be sued for injunctive relief under § 1983 because "'official capacity' actions for prospective relief are not treated as actions against the State.")

Because Plaintiff's claims are against state agencies and therefore against the Commonwealth of Kentucky, they are barred by the Eleventh Amendment. The Court will dismiss them under FED. R. CIV. P. 12(b)(1) and 12(h)(3).

7

**IV. ORDER**

       For the foregoing reasons,

       **IT IS ORDERED** that Defendants' motion to dismiss is **GRANTED** (DN 7).

Date:

cc:     Plaintiff, *pro se*
         Counsel of record
4413.009